### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br>KENNETH LEWIS,<br>                            Debtor,<br>MOTHER DOE 1A and FATHER DOE 1A on behalf of the minor JOHN DOE 1A,<br>                            Plaintiffs,<br>vs.<br>KENNETH LEWIS,<br>                            Defendant. | Case No. 08-CV-766-TCK-FHM<br><br>(Bankruptcy Case No. 08-11602-R)<br>(Adv.Case No. 08-01077-R) |

### OPINION AND ORDER

The Motion to Withdraw Reference of Adversary Proceeding [Dkt. 2] filed by Plaintiffs in Adversary Proceeding Case No. 08-01077-R has been referred to the undersigned United States Magistrate Judge for disposition, [Dkt. 5].

The Debtor has a Chapter 7 bankruptcy proceeding pending in the United States Bankruptcy Court for the Northern District of Oklahoma. Plaintiffs filed an adversary complaint in the bankruptcy action seeking a jury trial and damages resulting from sexual abuse which they allege occurred in Illinois. Plaintiffs also assert that the debt resulting from any damage award should be excepted from discharge under 11 U.S.C. § 523(a)(6). [Dkt. 3-3]. Plaintiffs' motion now before this Court seeks three forms of relief: (1) withdrawal of the reference of the adversary proceeding from the Bankruptcy Court for the Northern District of Oklahoma; (2) transfer of the matter to the United States District Court in and for the Northern District of Illinois; and (3) abstention by the United States District

Court for the Northern District of Illinois so that the case can be tried in the Circuit Court of Cook County, Illinois Country Department-Law Division where a state court action is pending.

The debtor/defendant has not responded to the motion.

In accordance with LCvR84.1(b)(4), the Bankruptcy Court has entered an Order determining that Plaintiffs' claim for exception from discharge is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and that the claim for damages is a "non-core" matter subject to 28 U.S.C. §157(b)(5).  [Dkt. 3-5].

### Withdrawal of the Reference

Under 28 U.S.C. §157(a), a petition for relief under title 11 of the United States Code (the United States Bankruptcy Code) or "proceedings arising in or related to a case" under title 11 are automatically referred to the bankruptcy court for resolution.  However, §157(b)(5) provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

Plaintiffs' allegations of damages resulting from sexual abuse constitute personal injury tort claims which the Court finds fall within §157(b)(5), as did the Bankruptcy Court.  Therefore, Plaintiffs' Motion for Withdrawal of the Reference must be granted.

### Transfer of Case

Plaintiffs request that the Court order the personal injury case transferred to the Northern District of Illinois "because the underlying personal injury tort claims of the

Plaintiffs arose in Cook County, Illinois; a county within the Northern District of Illinois." [Dkt. 2, p. 4]. Aside from the assertion that the action arose in Illinois, Plaintiffs have offered no basis for the Court to make a reasoned decision concerning whether transfer of the case is appropriate. Therefore, Plaintiff's' request for transfer of the case is denied, without prejudice to being reasserted by a properly supported motion.

### Abstention

Plaintiffs request that the federal district court abstain from determining the issues related to the personal injury action and that the case be referred to the Illinois state court where an action has been pending against defendant/debtor since March 15, 2007, before the bankruptcy petition was filed. Plaintiffs' request is not accompanied by any factual information, authorities or any argument from which the Court could make a reasoned decision as to whether abstention is appropriate. Therefore, Plaintiffs' request for abstention is denied, without prejudice to being reasserted by a properly supported motion.

### CONCLUSION

The Motion to Withdraw Reference of Adversary Proceeding [Dkt. 2] is GRANTED in Part and DENIED in Part. The reference of Adversary Proceeding Case No. 08-01077 to the Bankruptcy Court for the Northern District of Oklahoma is hereby withdrawn. All other requests for relief contained in the motion are DENIED.

SO ORDERED this 10th day of February, 2009.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

3